IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Yvonne Brockington, *as assignee of Cody Kane Hunt*,<br><br>Plaintiff,<br><br>v.<br><br>State Farm Mutual Auto Insurance Company,<br><br>Defendant. | ) | Case No. 4:25-cv-03290-SAC<br><br>**OPINION AND ORDER** |

This matter is before the Court on a Motion for Summary Judgment filed by Defendant State Farm Mutual Auto Insurance Company ("State Farm"). ECF No. 26. The Motion has been fully briefed, and the Court held a hearing on the Motion on November 4, 2026. ECF Nos. 33; 35; 39. State Farm's Motion is accordingly ripe for review. For the reasons stated below, the Court GRANTS the Motion.

## BACKGROUND[1]

This action arises out of a car accident between Plaintiff Yvonne Brockington ("Brockington") and Cody Kane Hunt ("Hunt") that occurred on November 16, 2022. ECF No. 1-1. After hitting Brockington's car at a speed of 10 miles per hour, Hunt attempted to flee the scene and hid in the parking lot of a nearby hotel. ECF No. 33-1 at 279; *id*. at 7-8 ¶¶ 9-10. Brockington had "no apparent injury" after the collision. ECF No. 26-1 at 3. She returned home to change clothes and was then taken to the hospital for injuries to her neck, back, and left shoulder. ECF

[1] The Court views the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. *See News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

No. 33-1 at 32 ¶ 12. Her medical bills totaled $2,909.00, and emergency room records described "a minor motor vehicle collision" with "very minor damage" resulting in "mild soreness" to Brockington. *Id.* at 10-11, 267.

State Farm insured Hunt under a policy with $25,000.00 bodily injury limits and $25,000.00 in property damage limits. ECF No. 26-3. State Farm accepted liability for Hunt after the accident and paid $1,655.68 for repairs to Brockington's vehicle and $472.23 in rental expenses. ECF No. 33-1 at 244, 246. Brockington then retained counsel who mailed State Farm a pre-suit time-limited demand ("TLD") for Hunt's bodily injury and property damage limits; totaling $50,000.00. *Id.* at 5-9. Brockington's counsel later followed up with the special damages, which totaled $2,909.00. *Id.* at 10-11. State Farm responded by counter-offering $9,500.00. *Id.* at 12. Brockington's counsel rejected the offer and reiterated that they will "likely file suit after this deadline has passed." *Id.* at 13. State Farm then offered $12,500.00 to settle the claim, that offer was rejected, State Farm offered $13,250.00, and Brockington's counsel did not respond. *Id.* at 14-16.

Brockington filed suit against Hunt in the Marlboro County Court of Common Pleas on April 4, 2023. *See* Complaint, *Brockington v. Hunt*, No. 2023-CP-34-00107 (S.C. Ct. Com. Pl. Apr. 4, 2023).[2] On April 14, 2023, Hunt's sister was served with the summons, complaint, and requests for admission at 2740 Laurin Willis Road in Clio, South Carolina. ECF No. 33-1 at 17. Hunt did not respond to the complaint or the discovery served on him, and on June 7, 2023, the clerk entered default against Hunt. *Id.* at 30. The matter was referred to a Special Referee, who held a damages hearing on September 18, 2023. *Id.* Four days before the hearing, Brockington

[2] The Court takes judicial notice of all filings in the state court action. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record.").

mailed a letter to Hunt informing him that a damages hearing would be held at 418 King Street, Suite 301, Charleston, SC 29403. ECF No. 26-7. Brockington attended the hearing remotely at her counsel's law office, and Hunt did not attend. ECF No. 26-2 at 4 (80:3-18).

On October 10, 2023, the Special Referee issued an Order Awarding Default, assessing $38,815.00 in actual damages and $116,445.00 in punitive damages against Hunt. ECF No. 33-1 at 30-38. Brockington then sent the Order Awarding Default to State Farm, demanding the judgment be satisfied. *Id.* at 40. This was the first time State Farm had been notified of the existence of the lawsuit, the default judgment, or the damages award against Hunt. ECF Nos. 26-4 ¶ 22; 26-9 at 3 (12:9-12). State Farm retained counsel for Hunt, who moved to set aside the default judgment. ECF No. 33-1 at 96. On April 14, 2024, the Special Referee denied Hunt's motion to set aside and assigned Hunt's bad faith claims to Brockington. *Id.* at 95-101.

Brockington again demanded State Farm satisfy the judgment against Hunt. *Id.* at 102-03. In response, State Farm tendered its remaining bodily injury and property damage coverage of $47,872.09 as partial satisfaction of Brockington's judgment against Hunt. *Id.* at 104. Brockington responded by filing the instant action in the Marlboro County Court of Common Pleas. ECF No. 1-1. State Farm removed the action, ECF No. 1, and, after discovery had been completed, filed its Motion for Summary Judgment, ECF No. 26.

## STANDARD OF REVIEW

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a

genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "A district court may grant a motion for summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Phillips v. Nlyte Software Am. Ltd.*, 615 F. App'x 151, 152 (4th Cir. 2015) (per curiam) (internal quotations omitted) (quoting *Celotex Corp.*, 477 U.S. at 322).

## ANALYSIS

State Farm argues Brockington's bad faith claim fails for five reasons: (1) a reasonable basis existed to not meet Brockington's TLD of $50,000.00; (2) Hunt breached his duties under the policy; (3) Brockington has not established causation; (4) the default judgment is null and void; and (5) the assignment of Hunt's claims to Brockington was invalid under South Carolina law. ECF No. 26. The Court concludes that, as a matter of law, State Farm had a reasonable basis to not meet Brockington's TLD and accordingly grants summary judgment to State Farm without addressing State Farm's remaining arguments.

Under South Carolina law, an insurer that unreasonably refuses to settle a claim with an insured within policy limits is subject to liability in tort. *Tyger River Pine Co. v. Md. Cas. Co.*, 170 S.E. 346, 348 (S.C. 1933). "The critical issue is whether there was a reasonable basis" for the carrier's actions "when considering the best interest of the carrier's insureds." *Vanderhall v. State Farm Mut. Auto. Ins.*, No. 4:14-518-RMG, 2015 WL 1507838, at *4 (D.S.C. Mar. 30, 2015). An

insurer under South Carolina law acts in bad faith in declining to accept a settlement offer only if there is "no reasonable basis to support the insurer's decision." *Helena Chem. Co. v. Allianz Underwriters Ins.*, 594 S.E.2d 455, 462 (S.C. 2004); *Doe v. S.C. Med. Malpractice Liab. Joint Underwriting Assoc.*, 557 S.E.2d 670, 674 (S.C. 2001). As stated in *Snyder v. State Farm Mutual Automobile Insurance*:

> it is not the role of the courts to impose rigid rules and guidelines upon the conduct of parties in the settlement process. Settlement negotiations are best served by as much flexibility as possible so long as the parties are negotiating in good faith, as this allows both parties to make proposals which are best suited to serve their particular needs. Artificial constraints or requirements placed upon the options available to the bargaining parties would generally only serve to frustrate attempts to reach a mutually agreeable settlement.

586 F. Supp. 2d 453, 460 (D.S.C. 2008).

After reviewing the record in the light most favorable to Brockington, the Court concludes no reasonable jury could find State Farm acted in bad faith or unreasonably when it refused to tender the policy limits in response to Brockington's TLD. The evidence available to State Farm at the time of Brockington's pre-suit demand pointed to the reasonable conclusion that Brockington's damages did not exceed $50,000.00. With her TLD, Brockington submitted only (1) four pages of medical bills documenting $2,909.00 in treatment on the same day and (2) one emergency room record describing minor damage, mild soreness, full range of motion, and an accident "not consistent with significant bodily injury." ECF No. 33-1 at 10-11; 262-68. The police report indicated the collision occurred with Hunt driving 10 miles per hour and that Brockington had "no apparent injury" after the collision. ECF No. 26-1. The cost to fully repair Brockington's vehicle was $1,655.68 and the damage to Hunt's vehicle was described by Brockington as "just a little dent." *Id.* at 244; 215 (211:2-15). As such, State Farm's pre-suit settlement offers of $9,500.00, $12,500.00, and $13,500.00 were reasonable in light of the

documented special damages presented, the noted facts of the case, and the applicable case law.[3] *See, e.g.*, *Columbia Ins. v. Reynolds*, 438 F. Supp. 3d 614, 620-24 (D.S.C. 2020), *aff'd sub nom., Columbia Ins. v. Waymer*, 860 F. App'x 848 (4th Cir. 2021) (granting summary judgment to insurer on third-party insured's bad faith claims where insurer reasonably refused time limited policy limit demands); *Morrow Equip. Co., LLC v. HCC Specialty Ins.*, No. 2:21-cv-530-BHH,

[3] Brockington appears to argue — more fully at the hearing than in her briefing — that her demand for punitive damages and the general reputation of the venue in which the injury occurred necessitated a tender of policy limits. *See* ECF No. 33 at 4, 16. The Court finds these arguments unpersuasive. As to her claim for punitive damages, Brockington has presented no evidence or case law that Hunt's alleged fleeing of the scene itself supports a punitive damages award here, and her correspondence with State Farm related to the TLD contained no other basis for potential punitive exposure. *See* S.C. Code Ann. § 15-32-520 ("Punitive damages may be awarded only if the plaintiff proves by clear and convincing evidence that his harm was the result of the defendant's wilful, wanton, or reckless conduct"); *see also, e.g.*, *Furr v. West Coast Distrib., Inc.*, No. 7:17-cv-02660-BHH, 2020 WL 2838688, at *3-4 (D.S.C. June 1, 2020) (allowing issue of punitive damages to reach the jury under South Carolina law only where there was sufficient evidence the at-fault driver was driving too fast for conditions and this proximately caused the plaintiff's injuries); *Taylor v. Daniels*, No. 5:04-CV-404-FL(1), 2006 WL 8438544, at *2 (E.D.N.C. Mar. 9, 2006) (referencing a "majority rule" and finding that "a jury may consider all of a defendant's conduct surrounding an automobile accident in determining whether his actions *in causing the collision* were willful or wanton, but his failure to stop and render assistance *after the collision*, while probative of a driver's general demeanor toward the safety of other motorists, is itself legally insufficient to support an award of punitive damages." (emphasis in original)). Having surveyed South Carolina law, the Court finds that the only South Carolina opinion seemingly addressing the issue of whether a hit-and-run, without other supporting evidence, is sufficient to support a punitive damages award is *Hallman v. Cushman*, 13 S.E.2d 498 (S.C. 1941). *Hallman* does not, however, answer the question here, as the Supreme Court merely determined the trial court did not err in instructing the jury that the hit-and-run may be relevant in assessing punitive damages where the plaintiff's testimony indicated his injuries were aggravated by the flight, unlike the evidence presented here. *Id.* at 500-01 ("Obviously no violation of the 'stop and render assistance' statute could have occurred until after the collision, and hence could not be deemed a cause of the collision itself, proximate or otherwise.").

Additionally, Brockington has not provided the Court with any case law establishing an insurer must consider the venue in which the injury occurred in evaluating a settlement demand. *See generally* ECF No. 33 at 16. Finding none, the Court concludes State Farm reasonably considered the evidence before it in offering less than the policy limits in the response to the TLD. *See Am. Cas. Co. of Reading, Pa. v. Howard*, 187 F.2d 322, 328-29 (4th Cir. 1951) ("Lawyers representing liability insurers of motor users are not required to be prophets who can accurately foretell the results of litigation in personal injury cases arising out of automobile accidents[.]").

2024 WL 265364, at *14-15 (D.S.C. Jan. 24, 2024) (granting summary judgment to insurer on bad faith claims even where insurer ultimately paid more than initially offered); *cf. Stewart v. State Farm Fire and Cas. Co.*, No. 2:11-cv-03020-DCN, 2013 WL 3206553, at *4 (D.S.C. June 24, 2013) (finding no bad faith where evidence showed that value of plaintiff's claim did not exceed policy limits).

Because the Court finds no evidence of bad faith on the record, State Farm is entitled to summary judgment as a matter of law.

## CONCLUSION

Based on the above, State Farm's Motion for Summary Judgment [ECF No. 26] is **GRANTED** and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

United States District Judge

November 19, 2026
Florence, South Carolina